IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELIZABETH LEE POSTMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-718-KFP |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pursuant to 42 U.S.C. § 405(g), Plaintiff filed a Complaint seeking review of the Social Security Administration's decision denying her application for supplemental security income. Doc. 1. The Court construes Plaintiff's supporting brief (Doc. 6) as a motion for summary judgment and the Commissioner's opposition brief (Doc. 9) as a motion for summary judgment. The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). Docs. 7, 8.

After scrutiny of the record and motions submitted by the parties, the Court finds that Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

**I.     STANDARD OF REVIEW**

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope is limited to determining whether substantial evidence in the record

as a whole supports the Commissioner's decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla but less than a preponderance. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision is supported by substantial evidence. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.     PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for supplemental security income (SSI) on September 9, 2019, alleging disability as of September 1, 2008. R. 15. When her initial application for benefits was denied, she requested a hearing before an ALJ. *Id*. At the hearing, Plaintiff amended the alleged onset date to September 9, 2019.[1] *Id*. The ALJ issued an unfavorable decision on March 31, 2022, and the Appeals Council denied Plaintiff's request for review of the hearing decision. *Id*. at 33; Doc. 9 at 2. Thus, the hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g).

---

[1] *See* 20 C.F.R. §§ 416.330, 416.335 (stating that SSI benefits cannot be paid for the months preceding the month in which the application was filed). The Commissioner states in his brief that he "does not contest the favorable portion of the ALJ's decision finding that Plaintiff is entitled to SSI from the date he filed his SSI application through the date of the ALJ's decision. However, the Commissioner does argue that Plaintiff is not entitled to SSI prior to the date he filed his application." Doc. 9 at 2 n. 3. The ALJ's decision, however, makes no favorable finding on this claim. Thus, this footnote appears to be an errant reference.

## III.    THE ALJ'S DECISION

The ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, depression, anxiety, substance addition disorder, borderline personality disorder, obesity, chronic obstructive pulmonary disease, cervical radiculopathy, and sciatica. R. 17. However, she found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment. R. 17–20. She then found that Plaintiff has the residual functional capacity to perform light work with the following limitations:

> She can occasionally climb ramps and stairs; and never climb ladders, ropes, or scaffolds. She can frequently balance, stoop, kneel, crouch, and crawl. She can occasionally operate foot controls. She can frequently handle, finger, and feel. She can tolerate occasional exposure to humidity, dusts, fumes and pulmonary irritants, and vibrations. She can frequently work with hazards such as moving mechanical parts or unprotected heights. The claimant can perform simple tasks for up to two hours without a break. The claimant can use judgment to make simple work-related decisions in an environment with no more than occasional workplace changes. The claimant can frequently interact with supervisors, coworkers, and the general public.

R. 20. After considering Plaintiff's experience as a secretary and the testimony of a vocational expert, the ALJ found that Plaintiff cannot perform her past relevant work. R. 31. However, given her age, education, work experience, and RFC, the ALJ found other jobs in the national economy that Plaintiff can perform, specifically, the unskilled, light jobs of officer helper, ticket taker, and cashier II. R. 32. Thus, the ALJ concluded Plaintiff had not been under a disability from date of the alleged onset date through the date of the ALJ's decision. R. 33.

## IV.   DISCUSSION

Plaintiff's brief identifies one issue for this Court's review: whether the ALJ erred in assessing Plaintiff's RFC by not providing rational and specific references to evidence of the record, including the medical opinions Dr. Amason and Dr. Reddy. Doc. 6 at 7. Within this argument, Plaintiff contends (1) the ALJ erred in finding that Plaintiff's manipulative limitations did not last for twelve months, (2) the ALJ erred in assessing Plaintiff's manipulative abilities based only on grip strength and dexterity, and (3) the ALJ erred in failing to include a restriction on overhead reaching, as found in the opinions of Drs. Amason and Reddy that the ALJ found persuasive.

### A.   Plaintiff's Manipulation Limitations

The Court will address Plaintiff's first two arguments together. In her decision, the ALJ states as follows with respect to Plaintiff's arm and hand strength and manipulative limitations:

> The treatment records document that, in September 2019, the claimant had decreased strength in her arms and hands because of the cervical radiculopathy and the epidural abscess. (Id.) However, the record documents that, after the surgery, the claimant's strength in her upper extremities improved. (Exhibits 10F, 13F, 14F, 15F, 18F & 19F) At the consultative examination in September 2021, the claimant had normal grip strength and normal dexterity. (Exhibit 17F) Therefore, the claimant's signaling manipulative limitations did not last for a duration of twelve months. The examinations within one year after the cervical spine surgery have revealed normal range of motion, with the exception of brief exacerbation of symptoms after falling off a chair, falling off a couch and tripping over her cat.

R. 28.  In response, Plaintiff argues that it is "irrefutable" that the time between September 2019 and September 2021 exceeds twelve months, so it was error to conclude that

4

Plaintiff's manipulative limitations did not last twelve months and, further, that it was error to assess Plaintiff's manipulative limitations based only on grip strength and dexterity. Doc. 6 at 7.

After a review of medical records cited by the ALJ, the Court finds that Plaintiff's arguments are based on a misunderstanding of the ALJ's decision. In September 2019, Plaintiff underwent a total decompressive laminectomy of C5 through C7 as well as a C2-T2 posterior cervical fusion and C3-C4 and T1 laminectomy, medial facetomy, and foraminotomy. R. 22. Before surgery, she was seen multiple times in the emergency room with complaints of lower back pain, upper back pain, and pain and numbness in her arms and shoulders. R. 456, 544.

In evaluating Plaintiff's physical impairments, the ALJ relied on medical records reflecting Plaintiff's upper extremity strength (not solely her grip strength) and her range of motion, and the cited records reflecting normal findings as early as December 2019. *See* R. 1079 (Exhibit 10F dated December 2019 and stating the examination of the extremities showed normal power and tone); R. 1116 (Exhibit 13F dated January 2020 and reflecting normal motor strength in upper extremities); R. 1154 (Exhibit 14F dated January 2020 and noting good bilateral upper extremity strength despite some decreased sensation); R. 1169–71 (Exhibit 15F dated April 2021 and evidencing no back, muscle, or joint pain and normal range of motion with no tenderness or swelling); R. 1177 (Exhibit 15F dated June 2021 and showing that Plaintiff complained of head, back, rib, and neck pain after a fall but reported no arm or shoulder problems); R. 1207–10 (Exhibit 18F dated October 2021 and reflecting back pain radiating to bilateral lower extremities but a musculoskeletal

examination with normal range of motion and strength); and R. 1218–21 (Exhibit 19F dated February 2022 and reflecting back pain and tingling in right arm but normal range of motion and strength); *see also* R. 1203 (Exhibit 17F, examination by Dr. Babb, dated September 2021 and noting that Plaintiff had normal abduction of shoulders, normal flexion and extension of the wrists and elbows, and the ability to continuously reach and perform hand manipulations). Thus, contrary to Plaintiff's assertions, the ALJ does not suggest that Plaintiff experienced manipulative limitations for the twenty-four months from September 2019 through September 2021, and she does not rely on grip strength and dexterity alone to assess Plaintiff's manipulative limitations. Instead, she bases her opinion on almost two years of Plaintiff's post-surgery medical records documenting normal strength and normal range of motion in her upper extremities, and the Court finds that these records constitute substantial evidence supporting the ALJ's determinations regarding Plaintiff's manipulative limitations and hand and arm strength.[2]

### B.     Prior Administrative Medical Findings of Drs. Amason and Reddy

Dr. Amason and Dr. Reddy are state agency consultants who evaluated Plaintiff's medical records in November 2019 and March 2020, respectively. R. 91–96, 113–16. These evaluations were performed within six months of Plaintiff's September 2019

---

[2] Plaintiff also claims that "the ALJ's inclusion in the RFC of a specific limitation on the capacity of handle, finger and feel, is in contradiction to the ALJ finding that manipulative limitations were resolved." Doc. 6 at 7. The RFC states that Plaintiff can "frequently handle, finger, and feel." Although this assessment does represent *some* degree of restriction in that it is "frequent" rather than "continuous," as Dr. Babb opined, the Court does not agree that it contradicts the ALJ's conclusions regarding Plaintiff's improvement in upper extremity strength or the signaling manipulation limitations she experienced before surgery.

surgeries. Both doctors restricted Plaintiff from overhead reaching. R. 95–96, 115–16. In assessing these two opinions, the ALJ explained:

> Although the State agency medical consultants did not examine the claimant, they provided specific reasons for their findings about the claimant's impairments. These findings were grounded in the evidence of record, including careful consideration of the objective medical evidence and the claimant's allegations regarding symptoms and limitations. Their findings were internally consistent as well as consistent with the record as a whole. Furthermore, Dr. Amason and Dr. Reddy are expertly familiar with agency policy regarding the program requirements for disability. However, it is noted that *I did not adopt all of their limitations into the residual functional capacity. The limitations assessed in the residual functional capacity reflect updated treatment record and hearing testimony*. However, overall, their findings are considered persuasive.

R. 29–30 (emphasis added).

Plaintiff seemingly argues that, by finding the opinions of Drs. Amason and Reddy persuasive, the ALJ was bound to adopt every restriction in their opinions. However, the RFC is based on all the relevant medical and non-medical evidence in the record. 20 C.F.R. § 416.945(a)(1) and (3). The RFC need not be supported by a medical opinion to find it supported by substantial evidence. *McCarver v. Comm'r of Soc. Sec.*, No. 4:20-CV-1053-JHE, 2022 WL 860190, at *6–7 (N.D. Ala. Mar. 22, 2022) (stating ALJ not required to base RFC on doctor's opinion) (citing *Castle v. Colvin*, 557 F. App'x 849, 853–54 (11th Cir. 2014); 20 C.F.R. § 404.1520c(a)). "To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has 'provide[d] a sufficient rationale to link' substantial record evidence 'to the legal conclusions reached.'" *Eaton v. Colvin*, 180 F. Supp. 3d 1037, 1055 (S.D. Ala. 2016). So long as substantial

evidence supports the RFC determination, the Court must affirm. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *see also* 42 U.S.C. § 405(g).

Here, although the ALJ found the opinions of Drs. Amason and Reddy to be persuasive overall, he expressly stated that he did not adopt all of their limitations, and the Court finds that substantial evidence supports the omission of an overhead reaching restriction from the RFC. Dr. Babb performed a consultative physical evaluation of Plaintiff in September 2021, eighteen months after Dr. Reddy reviewed Plaintiff's medical records. As mentioned above and as the ALJ specifically noted in her decision, Dr. Babb found during his physical examination that Plaintiff had normal abduction of both shoulders, normal flexion and extension of her wrists and elbows, and no restrictions on her ability to reach or perform other hand manipulations. R. 1198, 1203. Her grip strength and dexterity of hands were also normal, with no evidence of muscle wasting. R. at 1198. The ALJ found Dr. Babb's opinion to be persuasive and stated as follows:

> Dr. Babb performed testing directly relevant to the issue of disability status consistent with Social Security regulations. He was in the optimal position to directly observe the claimant and determine levels of function associated with the different body systems. His findings on examination match well with his ultimate opinion. Overall, his findings were consistent with the longitudinal evidence of record. Therefore, his opinion is considered persuasive. However, the residual functional capacity is slightly more restrictive that Dr. Babb opined.

R. 30. In her discussion of Dr. Babb's opinion, which found no problems with Plaintiff's hands or shoulders or her ability to reach or perform hand manipulations, the ALJ provided a sufficient rationale linking her RFC to substantial evidence in the record.[3]

Thus, the fact that Drs. Amason and Reddy restricted Plaintiff from overhead reaching does not warrant a disturbance of the ALJ's decision. Plaintiff cannot merely point to records supporting a certain restriction; she must show the absence of substantial evidence supporting the ALJ's determination. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) ("Under a substantial evidence standard of review, [claimant] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion." (citing *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991))). This Court cannot reweigh the evidence in favor of Dr. Amason's or Dr. Reddy's opinions, and it cannot substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's factual findings. Because Dr. Babb's opinion and Plaintiff's medical records constitute substantial evidence supporting the RFC, this Court must affirm. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

---

[3] Additionally, along with the medical records from treatment before Dr. Babb's examination, Plaintiff's medical records after Dr. Babb's examination further support the ALJ's RFC finding. Plaintiff went to the emergency room in October 2021 for complaints of back and hip pain. R. 1207. The musculoskeletal examination from this visit reflected a normal range of motion and normal strength. R. 1210. In February 2022, she visited the emergency room for right shoulder and back pain, but a musculoskeletal examination again revealed normal strength and range of motion. R. 1218–22. These records, which demonstrate Plaintiff's normal strength and range of motion despite her complaints of pain, constitute substantial evidence supporting the ALJ's RFC determination to omit a limitation on reaching.

## V.     CONCLUSION

For the reasons stated above, it is ORDERED as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 6) is DENIED;

2. The Commissioner's Motion for Summary Judgment (Doc. 9) is GRANTED; and

3. The Commissioner's decision is AFFIRMED.

A final judgment will be entered separately.

DONE this 27th day of June, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE